b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EMANUEL LUZARDO BERMUDEZ, Plaintiff | CIVIL DOCKET NO. 1:22-CV-01032 |
| VERSUS | DISTRICT JUDGE SUMMERHAYS |
| UNITED STATES DEPARTMENT OF JUSTICE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is Plaintiff Emanuel Luzardo Bermudez's ("Bermudez's") Motion for Summary Judgment on his request for documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. ECF No. 5.

Because Bermudez has received all of the relief he sought in this action and his motion, Bermudez's Motion for Summary Judgment should be DENIED AS MOOT and his action should be DISMISSED AS MOOT.

I. Background

Bermudez filed this action under FOIA, seeking to compel the United States Department of Justice, Executive Office for Immigration Review ("EOIR"), to search for and release Bermudez's non-exempt records, perform a segregability analysis of any responsive information withheld, and produce a *Vaughn* index regarding any exemptions claimed under FOIA. Bermudez asserts jurisdiction pursuant to 28 U.S.C. § 1331. He claims he has exhausted his administrative remedies. ECF No. 1 at ¶ 19. He also seeks attorney's fees and costs.

Bermudez filed a Motion for Summary Judgment, seeking an order granting the requested relief and enjoining Defendant from continuing to withhold any non-exempt agency information that is responsive to Bermudez's FOIA requests. ECF No. 5. EOIR opposes that Motion. ECF No. 8.

EOIR answered the Complaint. ECF No. 9.

II. **Law and Analysis**

Bermudez contends he in immigration removal proceedings and has hired an attorney to assist him. ECF No. 1 at ¶ 12. Bermudez needs a copy of his EOIR case file for his removal proceedings. On June 9, 2021, Bermudez filed a FOIA request for a copy of his EOIR case file, including investigations and hearing transcripts. ECF No. 1 at ¶ 13. Although the EOIR acknowledged having received Bermudez's request, and assigned him a case number, he never received any records from EOIR. ECF No. 1 at ¶ 15. Bermudez contends the lack of records will deny him due process in his removal proceedings and deprive him of the effective assistance of counsel. ECF No. 1 at ¶ 18.

Defendant shows, in an unsworn statement by Jeniffer Perez Santiago ("Santiago"), Associate General Counsel at EOIR, that the EOIR received Bermudez's FOIA request, and responded fully to Bermudez's FOIA request three weeks after he filed this Motion for Summary Judgment and produced the records to both the Immigration Court and Bermudez. ECF No. 8-1 at 9. Defendant further shows in Santiago's statement that Bermudez is no longer in immigration removal proceedings

because the Immigration Court dismissed the proceedings against him with prejudice. ECF No. 8-1 at 9-10, 22. Bermudez has not responded to or denied Defendant's assertions.

Because Bermudez has received the relief he sought in this motion, his Motion for Summary Judgment (ECF No. 5) should be denied as moot.

Because Bermudez's FOIA action is moot as well, his action should be dismissed as moot pursuant to the Court's inherent power to control its docket. *See Link v. Wabash Railroad Company*, 370 U.S. 626, 6290-33 (U.S. 1962); *Rogers v. Kroger Company*, 669 F.2d 317, 319-20 (5th Cir. 1983); .

III. Conclusion

Based on the foregoing IT IS RECOMMENDED that Bermudez's Motion for Summary Judgment (ECF No. 5) be DENIED AS MOOT.

IT IS FURTHER RECOMMENDED that Bermudez's action be DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy

of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __22nd__ day of August 2023.

Joseph H.L. Perez-Montes
United States Magistrate Judge