c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EMANUEL LUZARDO BERMUDEZ,<br>Plaintiff | CIVIL ACTION NO. 1:22-CV-01032 |
| VERSUS | JUDGE SUMMERHAYS |
| U.S. DEPARTMENT OF JUSTICE EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is Plaintiff Emanuel Luzardo Bermudez's ("Bermudez's") Motion for Attorney's Fees and Costs Pursuant to the Open Government Act of 2007, 5 U.S.C. § 552(a)(4)(E) ("Motion for Attorney's Fees"). ECF No. 16. Bermudez seeks $5,783.29 in attorney's fees and costs expended in litigating this declaratory and injunctive relief suit. *Id.* Defendant the United States of America (the "Government") opposes. ECF No. 23.

I. **Background**

Bermudez filed this action under the Freedom of Information Act ("FOIA"), seeking to compel the Department of Justice Executive Office of Immigration Review ("EOIR") for a copy of his immigration court case file. ECF No. 1. At the time of filing for declaratory and injunctive relief, Bermudez was awaiting removal proceedings at the New Orleans, Louisiana EOIR (the "immigration court"). *Id.* at 2.

1

Bermudez retained an immigration attorney to represent him in the removal proceedings. *Id.* at 4. His retained attorney Michael W. Gahagan ("Gahagan") requested the case file under FOIA for effective representation in the removal proceedings. *Id.* On June 8, 2021, Bermudez properly filed the FOIA request. ECF Nos. 5-4, 16-1 at 2. EOIR acknowledged receipt and assigned Case Number 2021-39646 to the request. ECF Nos. 5-5, 16-1 at 2.

On April 19, 2022, when this suit was filed, more than ten (10) months had passed, and nothing had been produced to Bermudez. ECF No. 16-1 at 2. Gahagan alleges he called EOIR's FOIA Service Center on January 5, 2022 and January 19, 2022 for a status update, with no response. ECF Nos. 1 at 5, 16-1 at 3. Thus, Bermudez filed suit. ECF Nos. 1, 16-1 at 4.

On June 1, 2022, Bermudez filed a Motion for Summary Judgment, seeking a judgment in his favor concerning his FOIA request. ECF No. 5. On June 22, 2022, the Government responded to the suit, the Motion for Summary Judgment, and the FOIA request. ECF Nos. 8, 16-1 at 4. No records were withheld, as the Government did not claim any exemptions under FOIA. ECF No. 8 at 2. Bermudez acknowledges receipt of 96 pages of information to his attorney, with no information withheld. ECF No. 16-1 at 4. Bermudez contends there was no lawful reason to refuse to produce the requested information before the FOIA twenty (20) working day production mandate. *Id.* (citing 5 U.S.C. §§ 552(a)(6)(A)(i)).

On September 6, 2023, this Court denied Bermudez's Motion for Summary Judgment as moot, specifically because Bermudez received the relief sought in summary judgment and because his FOIA action was moot. ECF Nos. 14, 15.

Bermudez now seeks attorney's fees and costs under the Open Government Act of 2007 ("OGA"), 5 U.S.C. §§ 552(a)(4)(E), with supporting documentation. ECF Nos. 16-1, 16-2 at 6, 16-4 through 16-13. Bermudez contends he "substantially prevailed" under the OGA and is entitled to attorney's fees and costs under the "codified catalyst theory." *Id.* at 11-13.

The Government opposes. ECF No. 23. The Government submits in support the Declaration of FOIA Attorney Advisor Jeniffer Perez Santiago ("Santiago") and attached exhibits. ECF No. 23-1.

II. <u>Law and Analysis</u>

Under FOIA, a court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i).[1] A complainant has substantially prevailed if he has obtained relief through either: (1) a judicial order; or (2) a voluntary or unilateral change in position by the agency if the complainant's claim is not insubstantial. *Id.* § 552(a)(4)(E)(ii)(I-II).

---

[1] On December 31, 2007, the Open Government Act ("OGA") took effect, amending FOIA to permit awards of attorneys' fees to parties that "substantially prevailed" by way of an agency's "voluntary or unilateral change in position." *Batton v. I.R.S.*, 718 F.3d 522, 524 (5th Cir. 2013) (citing Pub.L. No. 110–175, § 4, 121 Stat. 2524 (codified at 5 U.S.C. § 552(a)(4)(E)(ii)(II)).

3

Bermudez asserts he substantially prevailed through the latter theory – referred to by courts as the "catalyst theory." To establish a party substantially prevailed under the "catalyst theory," a party must show the initiation of litigation "could reasonably be regarded as necessary to obtain the information and that the action had a substantive causative effect on the delivery of the information." *Batton v. IRS*, 718 F.3d 522, 525 (5th Cir. 2013) (quoting *Lovell v. Alderete*, 630 F.2d 428, 432 (5th Cir. 1980)).

As noted by the United Fifth Circuit, FOIA "divides the attorney-fee inquiry into two prongs[:] . . . fee eligibility and fee entitlement. The eligibility prong asks whether a plaintiff has substantially prevailed and thus may receive fees. If so, the court proceeds to the entitlement prong and considers a variety of factors to determine whether the plaintiff *should* receive fees." *Id.* (quoting *Brayton v. Office of the U.S. Trade Representative,* 641 F.3d 521, 524 (D.C.Cir.2011) (citations and internal quotation marks omitted)). These factors include: (1) the benefit to the public deriving from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records has a reasonable basis in law." *Id.* at 527 (citation omitted).

Here, no judicial order compelled EOIR to respond to Bermudez's FOIA request. Thus, he must show that his suit had a "substantive causative effect on the delivery of the information." *Lovell*, 630 F.2d at 432. The Government argues that Bermudez cannot make such showing, as EOIR had already notified him via letter on

4

June 17, 2021 (prior to suit) that his FOIA request involved "unusual circumstances." ECF No. 23 at 6. And the Government shows that EOIR had requested Bermudez's records from the New Orleans Immigration Court on August 13, 2021, prior to him filing suit. *Id.* And, although EOIR admits a mislabeling of information in their case database caused a delay, the FOIA Service Center requested the lead applicant file from the Miami Immigration Court on January 28, 2022, prior to Bermudez filing suit. *Id.* Santiago attests the Government did not learn of this suit until three months after requesting the lead applicant file. *Id.* Upon receipt of the file from Miami on June 21, 2022, Bermudez's records were released to him. *Id.*

The evidence is clear that EOIR had initiated the processing of Bermudez's request well before his suit was filed. ECF No. 23-1. Bermudez argues EOIR refused production until he filed suit. ECF No. 16-2 at 23. However, nothing of record indicates EOIR refused to search for or produce the requested file. And nothing indicates EOIR asserted any exemptions, or refused to produce the file and changed its response as a result of this litigation.

Bermudez fails to demonstrate he obtained relief through either a court order or a "voluntary or unilateral change in position by the agency." *See* 5 U.S.C. § 552(a)(4)(E)(iii)(I)-(II). Thus, this suit had no substantive causative effect on the delivery of the FOIA records. And "[t]he mere fact that the information sought was not released until after the suit was instituted without more is insufficient to establish that [a plaintiff] 'substantially prevailed.'" *Lovell*, 630 F.2d at 432.

Nonetheless, even if the Court were to presume Bermudez could show he "substantially prevailed," the relevant factors do not *per* se establish that Bermudez *should* receive fees. *Batton*, 718 F.3d at 525. First, the disclosure of Bermudez's records is of private concern, pertaining to his individual removal case. *Lovell*, 630 F.2d at 431-432. The Fifth Circuit recognizes that the "public benefit" factor has not been used to "subsidize a private matter." *Id.* at 432 (citing *Blue v. Bureau of Prisons*, 570 F.2d 529, 533-34 (5th Cir. 1978)). Here, there is no public value in the information, other than to Bermudez.

The second and third factors weight in favor of an award. The Fifth Circuit holds that where a request is a "wholly personal one[,] . . . it is clearly not 'scholarly or journalistic or public-interest oriented.'" *Id.* (citing *Nationwide Building Maintenance, Inc. v. Sampson*, 559 F.2d 704, 712 (D.C.Cir. 1977)); *see also Dorsen v. United States Sec. & Exch. Comm'n*, 15 F.Supp.3d 112, 122–23 (D.D.C. 2014) ("Where a plaintiff has a commercial benefit or a personal interest in pursuing litigation, 'an award of fees is generally inappropriate' because there is already sufficient motivation for the claimant to bring suit without the promise of attorneys' fees.").

Bermudez and Gahagan had a personal and commercial interest in obtaining Bermudez's immigration case file.[2] "FOIA's attorney fee provisions were not intended

---

[2] Bermudez cites cases where Gahagan successfully obtained attorney's fees for FOIA requests in immigration proceedings. ECF No. 16-2 at 20 (citing *Gahagan*, 2016 WL 3090216, at *10; *Gahagan*, 2016 WL 1110229, at *12). He argues that similar to those cases, he is required to obtain information from EOIR to effectively represent Bermudez to protect his Fifth Amendment and Sixth Amendment rights. There, Gahagan showed "a voluntary or unilateral change in position by the agency." Here, there is nothing of record indicating a change by EOIR subsequent to, or as a result of, Bermudez filing suit.

6

to compensation litigants whose private commercial interest provide sufficient incentive to pursue access to information through FOIA litigation." *See Hernandez v. U.S. Customs and Border Protection Agency*, 2012 WL 398328, at *10 (E.D. La. Feb. 7, 2012) (citation omitted).

However, "the Fifth Circuit has recognized that the second factor favors an award when the litigant pursuing disclosure is indigent, a public interest group, or a disinterested scholar." *Id.* (citing *Blue*, 570 F.2d at 534). That is not the case here, as Bermudez retained counsel, seeking to protect his private interests. Yet, federal courts recognize that this interest, while personal, implicates a strong public interest in obtaining information for use in a deportation proceeding, where there is no formal discovery available to a respondent. *See id.* at 11 (citing cases); *see also Gahagan*, 2016 WL 30901216, at *10; *Gahagan*, 2016 WL 1110229. Because of the same distinction here, the second and third factor favor a fee award.

As to the fourth factor, attorney's fees are favored if an agency's "withholding appeared to be merely to avoid embarrassment or to frustrate the requester." *Lovell*, 630 F.2d at 433 (quoting *Nationwide Building Maintenance, Inc.*, 559 F.2d at 712); *see also Blue*, 570 F.2d at 534. Here, the Government shows that at no time did it withhold or deny the request. Instead, the Government began processing the request many months prior to learning of this suit, including the request of both Bermudez's file and the lead file. This factor weighs against awarding attorney's fees.

Because Bermudez did not "substantially prevail" under FOIA, and balancing the relevant factors, the Court finds that Bermudez is not entitled to attorney's fees.

Thus, Bermudez's request fails under both prongs of fee eligibility and fee entitlement.

## III. Conclusion

Because Bermudez fails to demonstrate he "substantially prevailed" by obtaining relief through either: (1) a judicial order; or (2) a voluntary or unilateral change in position by the agency; and because the entitlement prong factors do not weigh in his favor;

IT IS ORDERED that Bermudez's Motion for Attorney's Fees (ECF No. 16) is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 29th day of July 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

8